# UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **WILLIAM G. BURCH,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 06-CV-0135-CVE-SAJ** |
| | ) | |
| **CHAMPION LABORATORIES, INC.,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

## OPINION AND ORDER

Now before the Court is Defendant's Motion to Dismiss, or in the Alternative, to Transfer Venue, and Supporting Brief (Dkt. # 10, 13) and Defendant's Motion for Leave to File Additional Authority in Support of its Motion to Transfer (Dkt. # 40). As a preliminary matter, the Court will **grant** defendant's motion to file supplemental authority (Dkt. # 40), because the authority provided by defendant, the Southern District of Illinois' ruling on William Burch's motion to dismiss or transfer in that district, is relevant to the Court's ruling on defendant's motion.

## I.

Champion Laboratories, Inc. ("Champion") employed plaintiff as a national accounts manager for a multi-state region. Plaintiff later accepted a position as a division sales manager with Champion. Champion employed plaintiff on an at-will basis in both positions. During the course of his employment, plaintiff alleges that he discovered Champion was violating federal antitrust law, and that he reported the alleged illegal activity to the Federal Bureau of Investigations ("FBI"). Champion responds that plaintiff submitted fraudulent expense reports to Champion's office in

Albion, Illinois.[1]  According to Champion, plaintiff would purchase refundable airplane tickets to attend business meetings, submit an expense report for the ticket, and then cancel the flight and obtain a refund for the purchase price of the ticket.  Plaintiff denies Champion's allegations of fraud, and claims that he was fired for whistle-blowing and that his discharge violated the public policy of Oklahoma.

On January 13, 2006, Champion arranged a meeting with plaintiff and the FBI at its office in Albion, Illinois to discuss plaintiff's allegations that Champion violated antitrust laws. At the same meeting, Champion questioned plaintiff about the validity of his expense reports.  On the same day, Champion terminated plaintiff's employment for submitting fraudulent expense reports.  Plaintiff filed this wrongful discharge action on January 19, 2006 in the District Court of Tulsa County, but plaintiff did not serve Champion until February 24, 2006.  On January 30, 2006, Champion filed a lawsuit against Burch in the Southern District of Illinois alleging fraud and unjust enrichment.  Champion removed the state court action filed by plaintiff to this Court on March 3, 2006.  Plaintiff does not dispute that he did not notify Champion's counsel of his lawsuit until February 8, 2006.[2]

---

[1]    Champion does not maintain an office in the state of Oklahoma.  Plaintiff worked out of his home and traveled to business meetings in Oklahoma, Illinois, Texas, Arkansas, Missouri, Tennessee, and Lousiana.

[2]    The Southern District of Illinois concluded that the parties were engaged in settlement discusses before and up to January 30, 2006, but that Burch's counsel failed to mention the existence of the state court lawsuit.

The parties filed competing motions to dismiss or transfer venue in the Northern District of Oklahoma and the Southern District of Illinois.[3]  On November 21, 2006, the Southern District of Illinois denied Burch's motion to transfer venue to the Northern District of Oklahoma, finding that venue was appropriate in both courts.  That court found that the convenience of witnesses and the interests of justice did not favor transferring venue to the Northern District of Oklahoma.  Even though Burch was the first party to file his case, "the similarity between these two cases coupled with Champion's undisputed allegations of gamesmanship, if not bad faith, show a sufficiently compelling circumstance to override the presumption that the first-filed action should proceed rather than the second."  Dkt. # 40, Ex. A, Memorandum and Order, at 5.  The Southern District of Illinois decided to retain jurisdiction over Champion's lawsuit, and rejected Burch's argument that Champion was required to raise its fraud and unjust enrichment claims as counterclaims in this Court.  Therefore, there are currently two lawsuits pending between these parties involving almost identical legal claims.

## II.

Champion requests that this Court transfer plaintiff's action to the Southern District of Illinois to avoid duplicative litigation in two federal district courts.  Champion asserts that the Southern District of Illinois was the first federal court to obtain jurisdiction, because it was the first federal court where a complaint was filed.  See Cessna Aircraft Co. v. Brown, 348 F.2d 689, 692 (10th Cir. 1965) ("The rule is that the first federal district court which obtains jurisdiction of the parties and issues should have priority and the second court should decline consideration of the

---

[3]     Champion agrees that its motion is moot to the extent that it seeks dismissal of plaintiff's claims pursuant to Rule 12(b)(6), because plaintiff has filed an amended complaint addressing the pleading deficiencies asserted by Champion.  See Dkt. # 24, at 1 n.1.

action until the proceedings before the first court are terminated."). Under Tenth Circuit precedent, the case was first filed in the Northern District of Oklahoma, because the Court must refer to the date plaintiff's complaint was filed. Hospah Coal Co. v. Chaco Energy Co., 673 F.2d 1161, 1163 (10th Cir. 1982). Even though the case was removed to federal court, the first-to-file date is determined by the date when the complaint was filed in state court. Affinity Memory & Micro, Inc. v. K & Q Enter., Inc., 20 F. Supp. 2d 948, 954 n.10 (E.D. Va. 1998); Igloo Products Corp. v. The Mounties, Inc., 735 F. Supp. 214, 217 (S.D. Tex. 1990). Even though the Southern District of Illinois has decided to retain jurisdiction, the presumption is that the Northern District of Oklahoma has priority to resolve plaintiff's claim. However, "simply because a court is the first to obtain jurisdiction does not necessarily mean that it should decide the merits of the case." Hospah Coal Co., 673 F.2d at 1164.

Even though this Court finds that it has priority to hear plaintiff's claim, it will consider defendant's motion to transfer venue. "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. §1404(a). The party moving to transfer a case pursuant to section 1404(a) bears the burden of establishing that the present forum is inconvenient. Chrysler Credit Corp. v. Country Chrysler, Inc., 928 F.2d 1509, 1515 (10th Cir. 1991). In the exercise of its discretion to decide a motion for transfer, the Court must make an "individualized, case-by-case consideration of convenience and fairness." Stewart Org. v. Ricoh Corp., 487 U.S. 22, 29 (1988) (quoting Van Dusen v. Barrack, 376 U.S. 612, 622 (1964)). When ruling on a motion to transfer venue, the moving party may submit affidavits and other materials outside of the pleadings to support its motion. Chicago, R.I. & P.R. Co. v. Hugh Breeding, Inc., 232 F.2d 584, 588 (10th Cir.

4

1956) (motion to transfer venue was insufficient under section 1404(a) because supporting affidavits did not fully establish the content of the testimony of witnesses located in another jurisdiction); Citibank, N.A. v. Affinity Processing Corp., 248 F. Supp. 2d 172, 176 (E.D.N.Y. 2003) ("the defendant must support the motion [to transfer venue] with affidavits and other materials outside the pleadings").  Among the factors the Court should consider are:

> the plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law; and, all other considerations of a practical nature that make a trial easy, expeditious and economical.

Texas Gulf Sulfur v. Ritter, 371 F.2d 145, 147 (10th Cir.1967).

When considering whether to transfer venue, "plaintiff's choice of forum should not be disturbed unless the evidence and the circumstances of the case are strongly in favor of the transfer." Int'l Beauty Prod., LLC v. Beveridge, 402 F. Supp. 2d 1261, 1279 (D. Colo. 2005).  Plaintiff argues that the convenience of witnesses and the interests of justice do not favor a transfer of venue to the Southern District of Illinois.  Plaintiff is a resident of Oklahoma and his claim arose out of his employment for Champion that took place, in part, in Oklahoma.  He claims that many of the acts giving rise to his claim for wrongful discharge and defendant's separate lawsuit for fraud and unjust enrichment occurred in Oklahoma.  However, plaintiff does not point to any specific facts, other than his employment, that allegedly occurred in Oklahoma.  Champion states that plaintiff submitted expense reports to its office in Albion, Illinois, and the plaintiff's employment was terminated in Illinois.  Champion does not have an office in Oklahoma, and most of the evidence relevant to

plaintiff's wrongful discharge claim is maintained in Illinois.  Based on plaintiff's allegations, any alleged violations of antitrust laws by Champion would also have occurred in Illinois.

Plaintiff has identified five witnesses, other than himself, that reside in Oklahoma that he believes may be called to testify or give a deposition.  Plaintiff has not described the nature of the testimony of the Oklahoma witnesses, other than to say that they will testify "to business activities at Champion relating to the issue[s] involved in this case."  Dkt. # 21, at 6.  This does not aid the Court when determining the relative importance of the testimony these witnesses might offer.  Champion lists six witnesses located in Illinois, including the FBI agent who interviewed plaintiff, Champion employees that investigated Burch's expense reports, and the supervisor that terminated Burch on January 13, 2006.  While some witnesses with relevant information may be located in Oklahoma, the majority of the key witnesses, other than plaintiff, reside in Illinois.  Defendant has shown that the location of witnesses and relevant evidence weigh significantly in favor of transferring venue to the Southern District of Illinois.

Plaintiff argues that an important consideration for the Court is the relative means of the parties.  According to plaintiff, defendant is a corporation with substantial assets while plaintiff is an individual with limited ability to pursue a lawsuit in another jurisdiction.  Champion claims the costs of litigating the case in Oklahoma will be higher than if the case is heard in Illinois, because plaintiff will have to travel to Illinois to take the depositions of witnesses and complete other discovery activities.  Courts have recognized that this is a relevant factor when ruling on a request to transfer venue.  See D.H. Blair & Co., Inc. v. Gottdiener, 462 F.3d 95, 107 (2d Cir. 2006); Macedonia Church v. Lancaster Hotel Ltd. Partnership, 425 F. Supp. 2d 258, 260 (D. Conn. 2006).  This factor favors plaintiff in this case.  However, this factor is not as strong in cases when venue

6

would be substantially more convenient in another forum based on other considerations.  Recovery Processes Int'l, Inc. v. Hoechst Celanese Corp., 857 F. Supp. 863, 866 (D. Utah 1994).

Plaintiff claims that there will be an advantage to having an Oklahoma federal court rule on matters of Oklahoma law.  In its reply, Champion raises the issue that Oklahoma law may not apply to plaintiff's claim under Oklahoma's choice-of-law rules.  Champion claims that under the most significant relationship test recognized in Oklahoma to decide choice-of-law issues in tort cases, Illinois law should apply even if the case is heard in Oklahoma.  See Moore v. Subaru of America, 891 F.2d 1445, 1448 (10th Cir. 1989); Brickner v. Gooden, 525 P.2d 632, 637 (Okla. 1974).  The Oklahoma Supreme Court has identified the following four factors when making a choice of law determination under the most significant relationship test:

(1) the place where the injury occurred,

(2) the place where the conduct causing the injury occurred,

(3) the domicile, residence, nationality, place of incorporation and place of business of the parties, and

(4) the place where the relationship, if any, between the parties occurred.

White v. White, 618 P.2d 921, 925 (Okla. 1980).  Although plaintiff assumes that his claim for wrongful discharge will be determined based on Oklahoma law, that is not clear under Oklahoma's choice-of-law analysis.[4]  The Southern District of Illinois found that "[t]here is no doubt that Illinois law applies to Champion's claims for fraud and unjust enrichment," so it appears that at least some

---

[4]     Defendant has not asked the Court to rule on choice-of-law issues, nor will the Court conduct a detailed analysis of the law applicable to plaintiff's claim.  It is sufficient for purposes of defendant's motion to show that the choice-of-law issue is unclear, and that familiarity with the law applicable to plaintiff's claim does not present a strong reason to retain venue in this Court.

of the parties' claims will be determined under Illinois law.  Dkt. # 40, at 8.  The parties will not

obtain a significant benefit by having this Court rule on plaintiff's claim, because Oklahoma law

may not even apply.  In addition, when the legal issues are relatively simple, such as a claim for

wrongful discharge, the advantage of having a court familiar with the applicable state law hear a

particular claim is greatly reduced.  See Scheidt v. Klein, 956 F.2d 963, 966 (10th Cir. 1992).

When the Court considers all of the factors, the Court recognizes that plaintiff's choice of

forum is entitled to a significant amount of deference and gives a significant amount of weight to

the fact that he is a resident of Oklahoma.  The Court also finds that Champion will be better able

to defend a lawsuit in a foreign district.  However, the Southern District of Illinois has ruled that it

will keep Champion's fraud and unjust enrichment claims, and plaintiff will be required to defend

himself in that forum regardless of this Court's ruling.  Other factors, such as the convenience of

witnesses, the availability of evidence, choice-of-law concerns, judicial economy, and the relatively

minimal value of having an Oklahoma court rule on plaintiff's claim, weigh strongly in favor of

transferring venue to the Southern District of Illinois.  Therefore, the Court finds that defendant has

carried its burden of establishing that the Southern District of Illinois is a more convenient forum,

and venue over plaintiff's claim should be transferred to that district.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Leave to File Additional

Authority in Support of its Motion to Transfer (Dkt. # 40) is **granted**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss (Dkt. # 10) is **moot**,  the

alternative Motion to Transer Venue (Dkt. # 13) is **granted**.  **The Court Clerk is hereby ordered

to transfer this case to the Southern District of Illinois, Benton Division.**

**DATED** this 14th day of December, 2006.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT